# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

|   |   |   |   |
|---|---|---|---|
| | Plaintiff, | : | Case No. 1:14-cr-113 |
| | | | Civil Case No. 1:17-cv-423 |
| | | | |
| | | | District Judge Susan J. Dlott |
| - vs - | | | Magistrate Judge Michael R. Merz |

RICHARD SCOTT,

|   |   |   |
|---|---|---|
| | Defendant. | : |

## REPORT AND RECOMMENDATIONS

This criminal case is before the Court on Defendant Scott's filing of a Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 169). District Judge Dlott has referred the § 2255 proceedings to the undersigned (ECF No. 170).

Rule 4(b) of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

In conducting the initial review, the Magistrate Judge noted the following language in the Plea Agreement:

1

> 10. The defendant waives his right to appeal the sentence in this
> case, except that the defendant retains the right to appeal if the
> United States files an appeal, or if the Court imposes a sentence
> above the statutory maximum. The defendant waives his right to
> attack his conviction or sentence collaterally through post-
> conviction proceedings. This waiver shall not be construed to bar
> claims by the defendant that he either was deprived of the effective
> assistance of counsel or prosecutorial misconduct occurred in his
> case. This appellate waiver applies to all the defendant's
> convictions in this case, including count 4 of the original
> Indictment to which the defendant already pled guilty on January
> 13th, 2015.

ECF No. 108, PageID 281. Mr. Scott had indicated his intention to file a memorandum in

support of his § 2255 Motion and was ordered to address in that memorandum the question why

the Motion was not barred by this language in the Plea Agreement. Mr. Scott has now filed the

promised memorandum.

In the original Motion as filed, Mr. Scott pleaded the following grounds for relief:

> **Ground One:** Petitioner's plea was entered involuntarily and
> unknowingly.
>
> **Supporting Facts:** I was not told by my attorney (post-Johnson)
> that my crimes -- Hobbs Act robbery and Armed Bank Robbery,
> could not be designated as predicates for 18 U.S.C. § 924(c). I was
> not informed about *Dimaya v. Lynch* pending before the Supreme
> Court during my sentencing and prior to my plea. There was no
> "actual-physical-violence" in my case.
>
> **Ground Two:** Armed Bank Robbery and Hobbs Act Robbery
> cannot serve as predicates to 924(c) under the "force, nor residual
> clause."
>
> **Supporting Facts:** There was no "actual-physical-violence" in
> my case.

(Motion, ECF No. 169, PageID 470).

In his Memorandum, Scott seeks to avoid the collateral attack waiver in the Plea Agreement by recasting his Motion as claiming ineffective assistance of trial counsel for failure to advise him of the relevant law which, he says, makes his prior convictions ineligible to be predicate offenses under 18 U.S.C. § 924(c). The Court will treat the original § 2255 Motion as amended by the Memorandum. On its face ¶ 10 of the Plea Agreement permits collateral attacks on a judgment on the basis of ineffective assistance of trial counsel. Therefore the Magistrate Judge will proceed to analyze the current proceedings as raising one claim of ineffective assistance of trial counsel.

**Procedural History**

Richard Scott was indicted by the grand jury for this District on November 19, 2014, for possessing firearms, having previously been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2 (Indictment, ECF No. 17, Count 4, PageID 60). The grand jury returned a Superseding Indictment on May 20, 2015, that charged Scott with armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and § 2 (Count 1); interstate travel with intent to commit carjacking in violation of 18 U.S.C. § 1952(a)(2) and § 2 (Count 2); using and carrying a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and § 2 (Count 3); interference with commerce by robbery in violation of 18 U.S.C. §§ 1951 and 2 (Count 4); and a second violation of the Hobbs Act (Count 5)(Superseding Indictment, ECF No. 42).

On April 11, 2016, Scott entered into a Plea Agreement with the United States under Fed. R. Crim. P. 11(c)(1)(C) under which he would plead guilty to Counts 1, 3, 4, and 5 and maintain

his prior plea of guilty to being a felon in possession of a firearm as charged in the original indictment (ECF No. 108). The parties agreed that a sentence of 144 months was appropriate for all the charges. *Id.* at ¶ 5, PageID 279. Scott understood that if the Plea Agreement and his guilty plea were accepted, he would receive a sentence of 144 months. *Id.* at ¶ 13. Scott represented that he was "fully satisfied with his attorney's representation." *Id.* at PageID 287.

Judge Dlott engaged in the required Rule 11 plea colloquy with Scott on the day the Plea Agreement was filed (Minute Entry, ECF No. 107). The case was referred to the Probation Department for preparation of a Presentence Investigation Report ("PSR"). Having reviewed that report, Judge Dlott sentenced Scott as agreed (ECF No. 150). Scott took no appeal, but filed the instant § 2255 proceedings within one year of the judgment.

# Analysis

Scott argues he was misadvised to accept the Plea Agreement because "there were cases which were relevant and soley [sic] rendered his crimes non-violent." (Memorandum, ECF No. 172, PageID 478). He relies on *Dimaya v. Lynch*, 137 S. Ct. 31, 195 L. Ed. 2d 902 (Sept. 29, 2016), in which the Supreme Court granted certiorari to review a decision of the Ninth Circuit. In the decision to be reviewed, *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), the circuit court held that the definition of a crime of violence in 18 U.S.C. § 16 was unconstitutionally vague on the basis of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Sixth Circuit has reached the same result. *Shuti v. Lynch*, 828 F.3d 440, (6th Cir. 2016). The relevance of *Dimaya* to this case is difficult to understand since 18 U.S.C. § 16 played no part in this matter.

Scott also cites *United States v. Gonzalez-Ruiz*, 794 F.3d 832 (7th Cir. 2015). There the Government moved to remand for resentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) which requires three predicate violent felonies. The sole question was whether "conspiracy to commit armed robbery is a predicate violent felony under the residual clause." *Id.* at 836. Because *Johnson* had held the residual clause unconstitutionally vague, the Government moved to dismiss its cross-appeal and the circuit court agreed. *Id. Gonzalez-Ruiz* also has no application to this case because Scott was not sentenced as an armed career criminal.

Scott argues that various courts have held that a Hobbs Act violation does not categorically qualify as a violent offense and that a conviction for a Hobbs Act violation may therefore not count as a predicate offense. That is an appropriate point to make if at some time in the future Mr. Scott is charged with being an armed career criminal and the prosecutor in that case seeks to rely on his Hobbs Act conviction here as a predicate offense. But the fact that Hobbs Act violations are not categorically violent offenses does not affect the sentence to be imposed for a Hobbs Act violation when it is first committed.

Based on his offenses of conviction, Mr. Scott faced a maximum sentence of 25 years on Count 1 (armed bank robbery), ten years on Count 4 of the original Indictment (being a felon in possession of a firearm), twenty years each on the two Hobbs Act violations (Counts 4 and 5), and a mandatory seven year minimum sentence on Count 3 (discharge of a firearm in connection with the armed bank robbery). The Guideline Sentencing range for all the other counts taken together was 121 to 151 months, but the 84 month sentence for the firearm discharge was required to be served consecutively to any other sentence. The sentence actually imposed was half of the bottom of the Guideline range (60 months) plus the mandatory minimum firearm sentence.

The governing standard for ineffective assistance of counsel is found in *Strickland v.*

*Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both

deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing*

*Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). The *Strickland* standard applies in evaluating ineffective assistance claims in cases which resulted in a negotiated plea. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir. 1988).

Mr. Scott's attorney did not provide ineffective assistance of trial counsel in this case because it is not deficient performance to fail to advise a pleading defendant of case law which has no bearing on this case.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that Scott's 2255 Motion, as amended to allege ineffective assistance of trial counsel, be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 13, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).