# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

           Plaintiff,    :    Case No. 1:14-cr-113

                                      District Judge Susan J. Dlott
- vs -                           Magistrate Judge Michael R. Merz

RICHARD SCOTT,

           Defendant.    :

## DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATIONS

This criminal case is before the Court on Defendant Scott's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 169). Upon referral, the United States Magistrate Judge filed a Report and Recommendations finding the § 2255 Motion without merit and recommending that it be dismissed with prejudice (Report, ECF No. 173). Scott has now filed timely Objections (ECF No. 174).

As required by Fed. R. Civ. P. 72(b), the District Judge has reviewed de novo all objections raised by Scott and concludes they are without merit.

In the Plea Agreement in this case, Scott waived his right to collaterally attack the judgment here except for raising claims of ineffective assistance of trial counsel. As the Magistrate Judge construed the case, Scott's claim is that his attorney provided ineffective

1

assistance by not advising him of case law which, if properly applied, renders his conviction void. He particularly references *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), where the circuit court held that the definition of a crime of violence in 18 U.S.C. § 16 was unconstitutionally vague on the basis of *Johnson v. United States*, 135 S. Ct. 2551 (2015). As the Report points out, our own Sixth Circuit reached the same result in Shuti v. Lynch, 828 F.3d 440 (6th Cir. 2016).

Magistrate Judge Merz found that *Dimaya* had no relevance to this case because Scott was not convicted under 18 U.S.C. § 16. Scott objects that the 18 U.S.C. § 16 cases are relevant because they "apply equally to the substantive determination of whether Mr. Scott's bank robbery and Hobbs Act robbery convictions qualifies [sic] as "crimes of violence" under [18 U.S.C. §] 924(c)." (Objections, ECF No. 174, PageID 498.)

Scott's sentence in this case was not enhanced on the basis of any prior conviction at all, much less classification of such a conviction as a crime of violence. The only past conviction that had any impact on the conviction was his conviction for being a convicted felon in possession of a firearm. Scott does not now deny, nor could he, that at the time of committing the offenses in this case he had prior felony convictions for receiving stolen property and failure to comply with an order or signal of a police officer. Those convictions qualify as felonies because they are punishable under Ohio law by imprisonment in excess of one year.

Scott also received a seven level increase in the offense level for his Hobbs Act conviction because his co-Defendant Nickles fired his gun three times during the robbery in an attempt to disable surveillance equipment (PSR ¶ 71). Again, this had nothing to do with qualifying some prior conviction under any residual clause, but rather the fact that the gun was fired during the robbery.

It is true that Scott's present conviction was affected by the increase in sentence provided by 18 U.S.C. § 924(c)(1)(A)(ii) which provides for a consecutive seven-year sentence for someone who brandishes a firearm in the course of committing a "crime of violence." The relevant statutory definition is in 18 U.S.C. § 924(c)(1)(D)(3):

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The language in subsection (D)(3)(B) is does involve the same "substantial risk" language that was at issue in *Johnson v. United States*, 135 S. Ct. 2551 (2015). However, in *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016), the Sixth Circuit expressly held 18 U.S.C. § 924(c)'s definition of crime of violence was not unconstitutional.

In deciding whether a crime is a violent crime under § 924(c), a federal court must determine whether it "has as an element the use or attempted used of '*violent* force – that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010)." *United States v. Rafidi*, 829 F.3d 437 (6th Cir. 2016). That element may be satisfied by showing actual physical contact. *United States v. Rafidi*, 829 F.3d 437 (6th Cir. July 11, 2016), citing *United States v. Street,* 66 F.3d 969, 977 (8th Cir. 1995). In the absence of physical contact, the forcible element can be established by proving a threat or display of physical aggression "sufficient to inspire fear of pain, bodily harm, or death. *Rafidi*.

3

This satisfies the requirement of threatened use of physical force from the earlier 2010 *Johnson* decision. *Rafidi*, quoting *United States v. Chambers*, 195 F.3d 274, 277 (6th Cir. 1999).

It cannot be ineffective assistance of trial counsel to fail to advise a client of case law which does not affect his case and where there is governing case law in the same circuit which is contrary to his position. Scott has not proved his counsel failed to advise him of relevant law which would have made a difference in the outcome.

In his Objection Two Scott argues directly that his conviction is void after *Johnson*. But as the Magistrate Judge found, Scott waived his right to collaterally attack his conviction except for claims of ineffective assistance of trial counsel. Thus this argument is barred by the Plea Agreement. In any event, it is foreclosed by *Taylor, supra.*

Scott's Third Objection repeats his ineffective assistance of trial counsel claim.

Scott's Fourth Objection asserts his claims are cognizable under 28 U.S.C. § 2255. The Report did not conclude the claims were not cognizable, but found that the ineffective assistance of trial counsel claim was without merit and Scott had waived the right to bring any other claim under 28 U.S.C. § 2255.

Having reviewed the Defendants' Objections de novo under Fed. R. Civ. P. 72(b), the Court finds that they are without merit and they are OVERRULED. The Magistrate Judge's Report is ADOPTED and Scott's Motion under 28 U.S.C. § 2255 is DISMISSED WITH PREJUDICE and the Clerk shall enter judgment to that effect. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court hereby certifies to the Sixth Circuit that any appeal would be objectively frivolous and therefore

should not be permitted to proceed *in forma pauperis*.


August 4, 2017.

                                                        S/Susan J. Dlott_____
                                                       Susan J. Dlott
                                                       United States District Judge