# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                        Plaintiff,          :        Case No. 1:14-cr-113

                                                District Judge Susan J. Dlott
   -   vs   -                            Magistrate Judge Michael R. Merz

RICHARD SCOTT,

                        Defendant.         :

---

# TRANSFER ORDER

---

      This criminal case is before the Court on Defendant Scott's Request to File an Amended

2255 and Incorporated Memorandum of Law (ECF No. 177).

      Scott filed his initial Motion to Vacate under 28 U.S.C. § 2255 on June 21, 2017 (ECF

No. 169). In that Motion, Scott pleaded the following grounds for relief:

> **Ground One:** Petitioner's plea was entered involuntarily and
> unknowingly.
>
> **Supporting Facts:** I was not told by my attorney (post-Johnson)
> that my crimes -- Hobbs Act robbery and Armed Bank Robbery,
> could not be designated as predicates for 18 U.S.C. § 924(c). I was
> not informed about *Dimaya v. Lynch* pending before the Supreme
> Court during my sentencing and prior to my plea. There was no
> "actual-physical-violence" in my case.
>
> **Ground Two:** Armed Bank Robbery and Hobbs Act Robbery
> cannot serve as predicates to 924(c) under the "force, nor residual
> clause."

> **Supporting Facts:** There was no "actual-physical-violence" in
> my case.

(Motion, ECF No. 169, PageID 470).  On August 4, 2017, District Judge Dlott entered judgment dismissing the original § 2255 Motion with prejudice (ECF No. 175, 176).

Scott's instant Motion seeks to add "grounds three and four" which he says were inadvertently omitted from his original Motion (ECF No. 177, PageID 515 & 519).  He apparently believes that his original Motion is still pending, although the Clerk sent him a copy of the judgment dismissing the original Motion.

Under 28 U.S.C. § 2255(h), a second or successive § 2255 motion cannot proceed in the District Court without the prior permission of the circuit court of appeals.  In fact, a district court has no jurisdiction over a second or successive motion without that circuit court permission.  *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016);  *Burton v. Stewart*,  549 U.S. 147 (2007).  When a motion seeks to raise new claims not raised in an original motion, the second-or-successive bar cannot be avoid by calling the new filing a motion to amend or for relief from judgment.  *Moreland v. Robinson,* 813 F.3d 315 (6th Cir. 2016); *Gonzalez v. Crosby*, 545 U.S. 524 (2005).  When a district court is faced with a filing which is in substance a second or successive § 2255 motion, it must transfer the case to the court of appeals.  *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

Accordingly, it is hereby ORDERED that this case be transferred to the Court of Appeals for consideration of whether Mr. Scott can proceed on his second or successive § 2255 Motion.  September 28, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge
